IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 22-cr-00211-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RONALD PHILIP WALLACE, and
2. STACE YATER WALLACE,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on Defendants' Joint Motion Objecting to Misjoinder of Counts or in the Alternative to Sever Counts [Docket No. 37].

## I.    BACKGROUND

On June 22, 2022, the grand jury returned a 44-count indictment against defendants Ronald Philip Wallace ("Mr. Wallace") and Stace Yater Wallace ("Ms. Yater Wallace"). Docket No. 1. The indictment charges Mr. Wallace with nine counts of wire fraud (Counts 1-9), in violation of 18 U.S.C. § 1343; charges Mr. Wallace and Ms. Yater Wallace with 32 counts of money laundering (Counts 10-40, 44), in violation of 18 U.S.C. §§ 1956, 1957; and charges Mr. Wallace and Ms. Yater Wallace with three counts of bank fraud (Counts 41-43), in violation of 18 U.S.C. § 1344. *Id*. at 1-8.

Counts 1-40 pertain to an alleged investment fraud scheme involving cannabidiol ("CBD") companies. *Id*. at 1-4. The indictment alleges that Mr. Wallace made false or misleading representations to potential investors to induce investments in various CBD

companies that Mr. Wallace was associated with, including a company called LiPro, Inc. *Id*. at 1-2, ¶¶ 2-4. The indictment alleges wire transfers from the investors to the various companies between November 2017 and July 2019. *Id*. at 2, ¶ 4. The indictment also alleges that Mr. Wallace and Ms. Yater Wallace committed money laundering with the investments between November 2017 and May 2019. *Id*. at 3-4, ¶ 5. On August 13, 2019, LiPro, Inc. changed its name to NATURLFX, Inc. *Id*. at 7 n.3.

Counts 41-44 relate to an alleged fraudulent scheme to obtain Paycheck Protection Program ("PPP") loans during the coronavirus pandemic. *Id*. at 4-8. The indictment alleges that Mr. Wallace and Ms. Yater Wallace executed a scheme to defraud a financial institution by submitting three false and misleading PPP loan applications in the name of NATURLFX, Inc. to a bank on or about May 21, 2020, February 4, 2021 and April 22, 2021. *Id*. at 7-8, ¶¶ 12, 14, 16.

Defendants argue that there is no authority under Fed. R. Crim. P. 8(a) to join Counts 1-40 with Counts 41-44 and request that the Court sever Counts 41-44 pursuant to Fed. R. Crim. P. 14(a). Docket No. 37 at 2-4. The government filed a response opposing defendants' motion. Docket No. 45.

II.     **LEGAL STANDARD**

Rule 8(a) of the Federal Rules of Criminal Procedure governs the joinder of offenses and provides that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Courts "construe Rule 8(a) broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Jones*, 530 F.3d 1292,

2

1298 (10th Cir. 2008) (quoting *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997)). The Supreme Court "has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *Id*. (internal quotation and citations omitted).

"However, even in the absence of a misjoinder under Rule 8(a), the court may order the separate trials of counts if it appears that a defendant is prejudiced by a joinder of offenses." *United States v. Janus Indus*., 48 F.3d 1548, 1557 (10th Cir. 1995) (internal quotations, alterations, and citation omitted). Rule 14(a) of the Federal Rules of Criminal Procedure provides that:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts." *United States v. Martin*, 18 F.3d 1515, 1518 (10th Cir. 1994) (citations omitted). In establishing "real prejudice," the defendant must "demonstrate that the alleged prejudice he suffer[s] outweigh[s] the expense and inconvenience of separate trials." *Id*. (citations omitted). "It is not enough to show that separate trials may have afforded a better chance of acquittal. Rather, to demonstrate prejudice, a defendant must show the right to a fair trial is threatened or actually impaired." *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017) (citations omitted). "As a general rule, the decision to grant severance and order separate trials is within the sound discretion of the trial court." *Jones*, 530 F.3d at 1300 (internal quotations, alterations, and citation omitted).

3

## III. ANALYSIS

Defendants argue that there is no authority under Fed. R. Crim. P. 8(a) to join Counts 1-40 with Counts 41-44. Docket No. 37 at 3, ¶ 7. Defendants assert that the PPP-related counts "allege facts separate and unrelated in character" from the CBD investment fraud allegations and these offenses are not based on the "same acts or transactions" or "connected with any part of an alleged common scheme or plan." *Id*., ¶¶ 6, 7. Furthermore, defendants argue that the PPP-related counts are temporally separate from the CBD investment fraud counts because defendants allegedly committed Counts 1-40 between 2014 to 2019 and allegedly committed Counts 41-44 between May 2020 and May 2021. *Id*. The government responds that Counts 1-40 and Counts 41-44 are properly joined under the liberal standard in Fed. R. Crim. P. 8(a). Docket No. 45 at 5. The government argues that the offenses in Counts 1-44 are "of a similar character" because all the offenses involve "fraud relating to business entities maintained and/or operated by the defendants" and involve "false representations about companies controlled by the defendants." *Id*.

The Court finds that joinder of Counts 1-40 with Counts 41-44 in the indictment is proper under Rule 8(a). The offenses arising from the alleged CBD investment fraud scheme and the PPP fraud scheme are of a "similar character" because the defendants allegedly defrauded the victims in both schemes by making false representations about the CBD companies. *See* Fed. R. Crim. P. 8(a); *United States v. Hollis,* 971 F.2d 1441, 1456 (10th Cir. 1992) (holding that offenses arising from two mail fraud schemes were "of the same or similar character" under Rule 8(a) because the defendant "allegedly defrauded the victim of the money through the submission of falsified documents"). In *United States v. Bicher*, 2023 WL 2401374, at *2 (S.D.N.Y. Mar. 7, 2023), the district

4

court found that joinder of two different fraud schemes, one involving fraudulent PPP loans and the other involving fraudulent lease agreements for residential apartments, was proper under the liberal standard of Rule 8(a) because both schemes "relate to Defendant's control over companies that rented apartment units on a short-term basis." Here, the indictment alleges that both schemes relate to the defendants' association with the CBD company LiPro, Inc. and the successor company NATURLFX, Inc. *See* Docket No. 1 at 2-4, 7-8, ¶¶ 4, 5, 12, 14, 16.[1] Accordingly, the fraud schemes are sufficiently of a "similar character" to satisfy the "liberal standard" of Rule 8(a). *See Bicher*, 2023 WL 2401374, at *2; *see also Jones*, 530 F.3d at 1298.

Furthermore, the fact that the offenses in Counts 1-40 and Counts 41-44 are temporally separated by a year does not affect their similarity under Rule 8(a). *See United States v. Thomas*, 61 F. Supp. 3d 1221, 1227 (D.N.M. 2014), *aff'd in part*, 849 F.3d 906 (10th Cir. 2017) (citing *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994) (explaining that "the similarity of character of different offenses does not significantly depend on their separation in time" and that "if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned")). As a result, the Court rejects defendants' argument that Rule 8(a) does not permit the government to join Counts 1-40 and Counts 41-44 in the indictment.

---

[1] Defendants acknowledge that there is a nexus between Counts 1-40 and Counts 41-44 because they both "relate to the Wallaces and LiPro renamed as NaturlFX." *See* Docket No. 37 at 3, ¶ 7.

Defendants argue that, even if the charges were properly joined under Rule 8(a), severance under Fed. R. Crim. P. 14 is "necessary to avoid unnecessary prejudice to the Wallaces." Docket No. 37 at 4, ¶ 8. Defendants assert that the

> joinder of the two sets of very different crimes creates the clear danger that jurors will convict the Wallaces of the PPP counts or the LiPro counts because they believe the Wallaces were engaged in other unrelated fraudulent acts and had a propensity to commit fraud. This portrayal, even if not adopted in opening statement or closing argument by the government, is clearly one which will unfairly prejudice the jury against the Wallaces and in turn result in an unfair trial.

*Id*. The government responds that severance is not warranted because defendants have not identified any specific claim of prejudice from joinder, any potential prejudice can be mitigated through limiting instructions, and judicial economy justifies a joint trial. Docket No. 45 at 6-8.

The Court agrees with the government. The only potential prejudice that defendants identify is that the joinder of the offenses might lead the jury to believe that defendants had the propensity to commit fraud. *See* Docket No. 37 at 4, ¶ 8. However, a propensity argument fails to meet the "heavy burden of showing real prejudice" where "(1) the two counts were separate and distinct, and the evidence presented at trial was not too confusing or unfairly overlapping; (2) the offenses took place on different dates at different locations, and different witnesses and evidence were presented on each count; and (3) the case for each count was strong enough on its own." *United States v. Maxwell*, 492 F. App'x 860, 866 (10th Cir. 2012) (unpublished) (internal alterations, quotations, and citation omitted). Here, defendants' propensity argument is unpersuasive because defendants have failed to "explain why the jury would not [be] able to consider the charges and the underlying evidence independently." *United States v. Thomas*, 752 F. App'x 606, 610 (10th Cir. 2018) (unpublished) (citing *Jones*,

530 F.3d at 1302 (rejecting spillover argument where defendant "offered no explanation of his theory that jurors could not be expected to separate evidence of" different charges against him)). Furthermore, "limiting instructions are ordinarily sufficient to cure potential prejudice," *United States v. Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009) (internal quotations and citation omitted), and courts "presume that juries follow limiting instructions." *Jones*, 530 F.3d at 1303 (internal alterations and citation omitted). To the extent that defendants face any potential prejudice regarding a propensity to commit fraud, the Court can reduce that prejudice through a limiting instruction.

Because defendants have failed to meet their heavy burden of demonstrating prejudice and because the "obviously important considerations of economy and expedition in judicial administration" weigh against the Court conducting separate trials in this matter, the Court will deny defendants' motion to sever. *See United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994).

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendants' Joint Motion Objecting to Misjoinder of Counts or in the Alternative to Sever Counts [Docket No. 37] is **DENIED**. It is further

**ORDERED** that defendants' Motion for Ruling on Joint Motion to Sever [Docket No. 54] is **DENIED as moot**.

DATED September 21, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge