IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 22-cr-00211-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RONALD PHILIP WALLACE, and
2.    STACE YATER WALLACE,

    Defendants.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

This matter is before me on the Defendants' Unopposed Motion to Reset Trial Preparation Conference and Jury Trial [Docket No. 73], wherein defendants seek to exclude 180 days from the speedy trial calculation. The government does not oppose the motion and joins in the request to continue trial. *Id*. at 3.

The trial in this matter is set for June 10, 2024. Docket No. 70 at 5. When I last granted a request to exclude time in this case, *id*., I found that there were 54 days remaining in the original speedy trial period. *Id*. at 1. At that time, I excluded 90 days from January 23, 2024. *Id*. at 5. That 90-day period expires on April 22, 2024. I therefore find that there are 54 days left in the speedy trial period.

Defendants' motion is based on the fact that counsel for Mr. Wallace is set to begin a three-week trial in the Eastern District of Pennsylvania, *United States v. Pardi*, Case No. 22-cr-00049-PD, on June 18, 2024. Docket No. 73 at 2. The *Pardi* case was originally set for a four-week trial starting February 27, 2024, but was continued due to

the trial in this matter being set. Furthermore, the motion states that the government requests the exclusion of time so that the government's newly assigned attorneys have adequate time to prepare for trial. *Id*. at 3. Before January 22, 2024, the government was represented by one Assistant United States Attorney in this case. The government is now represented by two Assistant United States Attorneys, both of whom must become familiar with a case involving a large volume of discovery, many witnesses, and charges covering a five-year period. *Id*.

The defendants' motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within seventy days after the indictment is filed or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of

delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id*. at 441.  First, I must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id*., § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'"  *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'"  *Id.* (quoting *Doran*, 882 F.2d at 1516).

Based on the complexity of the case, the scheduling conflict of Mr. Wallace's counsel, and the need for the government's new attorneys to familiarize themselves with the evidence in this case, I find that the exclusion of 180 days is justified and necessary.

Thus, I find that it would be unreasonable to expect adequate preparation by the parties, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c) and the time already excluded.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161 and the time already excluded would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of the parties, failure to grant the motion would deny counsel for the both sides the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 180 days from April 22, 2024 order should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that Defendants' Unopposed Motion to Reset Trial Preparation Conference and Jury Trial [Docket No. 73] is **GRANTED**. It is further

2. **ORDERED** that the Trial Preparation Conference for May 31, 2024 at 2:30 p.m. is vacated and will be reset for **November 1, 2024 at 1:30 p.m.** It is further

3. **ORDERED** that the jury trial set for June 10, 2024 is vacated and will be reset for **November 4, 2024 at 8:00 a.m.** for eight days. It is further

4.  **ORDERED** that 180 days from April 22, 2024 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED February 5, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge