IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00211-PAB-01

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     RONALD PHILIP WALLACE,

       Defendant.
_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT RONALD PHILIP WALLACE**
_____

The United States of America, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, moves this Court to enter a Preliminary Order of Forfeiture.

In support, the United States sets forth the following:

**I.    Procedural Background**

On January 8, 2024, an Amended Indictment was filed charging defendant Ronald Philip Wallace in Counts 1 through 9, with Wire Fraud and Aiding and Abetting, violations of 18 U.S.C. §§ 1343 and 2; in Counts 10 through 40, with Money Laundering and Aiding and Abetting, violations of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2; in Counts 41 through 43, with Bank Fraud and Aiding and Abetting, violations of 18 U.S.C. §§ 1344 and 2; and in Count 44, with Money Laundering and Aiding and Abetting, violation of 18 U.S.C. §§ 1957 and 2.  ECF Doc. 67.

1

The Amended Indictment also included a forfeiture allegation seeking forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2), and 28 U.S.C. § 2461(c), of all proceeds obtained directly and indirectly as a result of the commission of Counts 1 through 9, and 41 through 43, and all property involved in the money laundering transactions in Counts 10 through 40 and 44, including in the form of a money judgment in the amount of proceeds obtained by the defendants and the scheme. *Id*. at p. 14.

On November 7, 2024, defendant Ronald Philip Wallace entered into a Plea Agreement. In part, he agreed to plead guilty to Counts 9 (Wire Fraud) and 43 (Bank Fraud) of the Amended Indictment, violations of 18 U.S.C. §§ 1343, 1344, and 2, and agreed not to contest forfeiture. ECF Doc. 97 at p. 1-2. The defendant also agreed to the entry of a forfeiture money judgment in the amount of $546,546 the amount obtained by the defendant and through the schemes. *Id.* at p. 6.

**II.     Argument**

Pursuant to 18 U.S.C. §§ 981(a)(1)(C)[1], 982(a)(2) and 28 U.S.C. § 2461(c)[2], the Court shall order forfeiture of all property real or personal, constituting or derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 and 1344.

---

[1] Title 18, United States Code, Section 981(a)(1)(C) authorizes forfeiture of proceeds obtained through a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). Title 18, United States Code, Section 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity." Wire fraud in violation of 18 U.S.C. § 1343 is listed in 18 U.S.C. § 1961.

[2] Title 28, United States Code, Section 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly.

The Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's "determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).[3] When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).

After determining the amount of proceeds obtained by the defendant through violations of 18 U.S.C. §§ 1343, 1344, and 2, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of [the] money judgment." Fed. R. Crim. P. 32.2(b)(2)(A). It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

As set forth in the Plea Agreement, between at least 2017 and continuing through at least August 2019, the defendant and others operated companies involved in the production and sale of various cannabidiol ('CBD') products. These companies include BD Cann, LLC, Fource Management LLC, Lipro LLC, and Lipro Inc. (which later

---

[3] When considering the evidence, the Court need only find that a preponderance of the evidence supports forfeiture. *United States v. Gordon*, 710 F.3d 1124, 1165 (10th Cir. 2013) ("A forfeiture judgment must be supported by a preponderance of the evidence." (quoting *United States v. Bader*, 678 F.3d 858, 893 (10th Cir. 2012)).

changed its name to NaturlFx Inc.) (collectively, the 'CBD Companies'). At all relevant times, the defendant resided in the State and District of Colorado. ECF Doc. 97, p. 8.

In order to induce individuals to invest in the CBD Companies, the defendant and others made materially false statements and certifications to those potential investors regarding, *inter alia*, the companies' financial condition, past sales, and accounts receivable. Based on the defendant's and others' materially false representations, investors provided $313,000 in funds to the CBD Companies for the purpose of funding and marketing the CBD products. *Id.* at p. 8-9.

In addition, from May 2020 through at least February 2021, the defendant, knowingly, and with the intent to defraud, prepared and caused fraudulent Paycheck Protection Program ("PPP") applications for NaturlFx Inc. to be submitted to a financial institution, an approved third-party lender of PPP loans. In these PPP applications, the defendant caused materially false statements and certifications to be made regarding, *inter alia*, the businesses' average monthly payroll and number of employees. *Id*. at p. 11.

Moreover, despite the requirement that all PPP funds be used to pay NaturlFx Inc's eligible business expenses, the defendant intended to – and did – use the proceeds for his person benefit and for other business ventures. *Id.* The financial institution approved and funded first and second draw PPP loans to NaturlFx Inc. in the aggregate amount of $233,546. *Id.*

As set forth above, the defendant obtained a total of $546,546 in proceeds based on the violations of 18 U.S.C. §§ 1343, 1344, and 2.

### III.     Conclusion

Accordingly, the United States respectfully requests that the Court enter the Preliminary Order of Forfeiture for a Personal Money Judgment in the amount of $546,546, tendered herewith, pursuant to 18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c).

DATED this 11th day of April 2025.

        Respectfully submitted,

        J. BISHOP GREWELL
        Acting United States Attorney

By:    *s/ Laura B. Hurd*
        Laura B. Hurd
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California Street, Ste. 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: Laura.Hurd@usdoj.gov
        *Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

*s/ Sheri Gidan*
FSA Paralegal
Office of the U.S. Attorney