IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00211-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RONALD PHILIP WALLACE,        *Filed Under Restriction Level 2*

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR DEPARTURE AND NON-GUIDELINE (VARIANT) SENTENCE

    The United States of America, by and through J. Bishop Grewell, Acting United States Attorney for the District of Colorado, Tim Neff and Nicole Cassidy, Assistant United States Attorneys, files this response to defendant Ronald Wallace's Motion for Departure and Non-Guideline (Variant) Sentence. (ECF No. 109.) For the reasons set forth below, the defendant's motion should be denied.

    Citing USSG § 5H1.4 and a letter from his treating physician, the defendant argues that a downward variance is appropriate given his "severe and chronic gastrointestinal illnesses that require complex, continuous medical management." (ECF No. 109 at 5.) The defendant further supplemented his request with a letter dated 4/15/25 from his treating physician, Dr. Kevin Rufner, in which his doctor expresses his concern that the defendant's case is "difficult and complicated" making it challenging for BOP to manage.

1

The government by no means dismisses Dr. Rufner's concerns and has no reason to question the defendant's various diagnoses, which are documented in the PSR. (ECF No. 105 at 18.) But there is little evidence that the defendant's illnesses are so unusual or complex that BOP is incapable of managing them while defendant serves his custodial sentence. After all, "many defendants who stand before federal courts for sentencing and in prison have some health problems," *United States v. Rosales-Valdez*, 375 F. Supp. 2d 1165, 1172 (D.N.M. 2005), and the BOP regularly assigns each inmate a "care level"—ranging from Level 1 to Level 4—based on his or her medical and mental health needs and thereafter assign inmates to institutions (including medical centers) that can meet those needs. *See Care Level Classification for Medical and Mental Health Conditions or Disabilities* at 3, Federal Bureau of Prisons (May 2019), *available at* https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf. In short, BOP has the medical staff and resources to manage the defendant's ongoing medical conditions, which currently appear to be adequately treated with medications. (ECF No. 105 ¶ 79.)

Significantly, the defendant's illnesses are not new and have not hampered the defendant's participations in fraudulent schemes or other life activities. As set forth in the PSR, the defendant has had Crohn's disease for *47 years*—a time period which includes the defendant's previous 63-month term of incarceration (during which time the BOP presumably was capable of managing the defendant's conditions), as well as the defendant's commission of the investment fraud and COVID-19 fraud schemes in this case. (ECF No. 105 ¶¶ 61, 79.) Moreover, the defendant's medical conditions do not

appear to prevent the defendant from otherwise leading an active life, including skiing extreme terrain with victim T.H.  (ECF No. 126-1 at 2.)  Accordingly, the defendant has not met his burden to support a downward variance based on his medical conditions.

The defendant's request for a time-served sentence should also be placed into context with his outstanding restitution obligations.  The defendant reported to the U.S. Probation Office that he retired in 2023 despite reporting a negative monthly cash flow, and he has objected to the proposed conditions of supervision requiring him to work 30 hours per week.  (ECF No. ¶¶ 97 & 103, ECF No. 107 at 4.)  Unfortunately, by requesting to be excused from work conditions despite the evidence that he is able to work[1], this 68-year-old defendant is effectively signaling that he does not intend to make meaningful efforts to repay his $731,513.38 of restitution in this case or his millions of dollars of outstanding restitution in connection with his prior criminal case.  Granting the defendant a further windfall by imposing a time-served sentence would not reflect the seriousness of the defendant's offenses, promote respect for the rule law, provide just punishment for the offenses, or promote specific or general deterrence.  18 U.S.C. §§ 3553(a)(2)(A), (B); *see also United States v. Morgan*, 635 F. App'x 423, 450 (10th Cir. Nov. 6, 2015) (recognizing that sentencing white-collar criminals to "small fines and little or no imprisonment . . . creates the impression that certain offenses are punishable only by a small fine that can be written off as a cost of doing business" (quoting S.Rep. No. 98–225, at 76 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3259)).

---

[1] For example, the PSR states that the defendant works "part-time a consultant for HypoClean, LLC" but "does not earn an income."  (ECF No. 105 ¶ 97.)

Nor would such a sentence avoid unwanted sentence disparities among other defendants with similar records who have been found guilty of similar conduct.  *See* 18 U.S.C. § 3553(a)(6).  *See United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008) ("One of the central reasons for creating the sentencing guidelines was to ensure stiffer penalties for white-collar crimes and to eliminate disparities between white-collar sentences and sentences for other crimes.").  In this district, sentences near or within the applicable guideline range routinely have been found appropriate for persons convicted of similar COVID-19 loan fraud. *See United States v. Washington*, 22-cr-00187-WJM (90-month sentence based on 108–135 month guidelines range); *United States v. Mendez*, 24-cr-228-SKC (41-month sentence based on 41–51 months' guidelines range); *United States v. Harrington*, 22-cr- 00324-NYW (51-month sentence based on 57–71-month guideline range); *United States v. Foreman*, 21-cr-00165-RM (66-month sentence based on 63–78-month guideline range); *United States v. Lain*, 21-CR-00175-WJM (32-month sentence based on 41–51-month guideline range where defendant had repaid millions in restitution prior to sentencing); *United States v. Stonebarger*, 21-CR-00392-RM (41- month sentence based on 37–46-month guideline range); *United States v. Zaghab*, 21-CR-00188-RBJ (30-month sentence based on 33–41-month guideline range).

For the reasons set forth above, the government respectfully submits that the defendant's motion for a downward variance should be denied.

Respectfully submitted this 18th day of April, 2025.

          J. BISHOP GREWELL
          Acting United States Attorney

          By: *s/ Tim Neff*
             Tim Neff
             Nicole Cassidy
             Assistant United States Attorneys
             United States Attorney's Office
             1801 California Street, Suite 1600
             Denver, Colorado 80202
             Telephone: (303) 454-0100
             Email: tim.neff@usdoj.gov
             nicole.cassidy@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2025, I electronically filed the foregoing

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR DEPARTURE AND NON-GUIDELINE (VARIANT) SENTENCE**

using the CM/ECF system which will send notification of such filing to all counsel of record.

            *s/ Maureen Carle*
            Legal Administrative Specialist
            United States Attorney's Office